**UNITED STATES of America,
Appellee,
v.
Bernard J. SEMEL, Appellant.
No. 9810.**

United States Court of Appeals
Fourth Circuit.

Argued May 7, 1965.

Decided May 31, 1965.

Certiorari Denied Oct. 11, 1965.

See 86 S.Ct. 90.

Joseph J. Lyman, Washington, D. C. (Josiah Lyman, Washington, D. C., on brief), for appellant.

Plato Cacheris, First Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and BUTZNER, District Judge.

PER CURIAM.

This is an appeal by the defendant, Bernard J. Semel, from an order of the district court denying his motions to vacate a judgment of conviction for lack of jurisdiction and to permit him to withdraw his guilty plea.

The defendant was charged by an information containing eighteen counts with violating 18 U.S.C.A. § 836 by having feloniously caused to be transported from Maryland into Virginia certain fireworks, knowing that they were to be delivered and sold in violation of the laws of Virginia.[1]

On September 22, 1964, the defendant entered a plea of guilty to count 10 of the information. After considerable questioning of the defendant, the court satisfied itself that the plea was voluntarily made and accepted it, and thereafter, on motion of the United States, the remaining seventeen counts were dismissed. Sentencing was postponed until a later date.

On December 8, 1964, Semel received a sentence of six months imprisonment, five months of which was suspended. On December 14, 1964, the defendant filed motions to withdraw his guilty plea and to vacate his sentence. Both motions were denied.

■■ The record in this case reveals a guilty plea, voluntarily made with the assistance of retained counsel seven months after the defendant had been arraigned. At a sentencing hearing three months after the plea had been accepted, the defendant candidly admitted all the essential elements of the crime with which he had been charged. By the provisions of Rule 32(d) of the Federal Rules of Criminal Procedure, the withdrawal of a guilty plea after the imposition of sentence is permissible when, in the discretion of the trial judge, such a withdrawal is necessary "to correct manifest injustice." It is to be expected, however, that such a procedure will be appropriate only in extraordinary cases. United States v. Roland, 318 F.2d 406, 409 (4 Cir. 1963). In the circumstances of this case, the district judge clearly did not abuse his discretion in denying the defendant's motion to withdraw his plea. Klingstein v. United States, 217 F.2d 711, 712–713 (4 Cir. 1954).

■ The defendant's contention that the court was without jurisdiction is without merit, for 18 U.S.C.A. § 3231 gives the district courts of the United States jurisdiction over "all offenses against the laws of the United States." Under Rule 18 of the Federal Rules of Criminal Procedure, the proper venue for the offense charged in count 10 of the information may have been the Western District of Virginia. However, even after having been furnished with a bill of particulars which named Stephens City, Virginia, as the terminal point of the shipment charged to be illegal in count 10, the defendant did not move under Rule 21(b) to transfer his case to the Western District of Virginia. Instead he entered a plea of guilty to the offense charged, and under Rule 12(b) (2), his actions constituted a waiver of any defect in venue which existed.

For the foregoing reasons, the judgment of the district court is affirmed.

Affirmed.

1. Most of these counts dealt with fireworks transportation to persons located in the Eastern District of Virginia; counts 10–12 dealt with deliveries to one Gustave Michon of Stephens City, which is located in the Western District of Virginia.