[Cite as *State v. Pemberton*, 2011-Ohio-373.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 10CA4 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| Daries D. Pemberton, | : | RELEASED  1/20/11 |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Daries D. Pemberton, Ross Correctional Institution, Chillicothe, Ohio, pro se.

C. Jeffrey Adkins, Gallia County Prosecuting Attorney, and Eric R. Mulford, Gallia County Assistant Prosecuting Attorney, Gallipolis, Ohio, for appellee.
_____

Harsha, P.J.

{¶1}   Daries Pemberton appeals the trial court's judgment denying his Crim.R. 32.1 postsentence motion to withdraw his guilty pleas.  Pemberton argues that a litany of issues caused his guilty pleas to amount to a "manifest injustice."

{¶2}   First, he cites various instances of ineffective assistance by trial counsel. We hold that Pemberton could have raised these claims on direct appeal, or in an appeal from the denial of his postconviction relief motion.  However, Pemberton did not, therefore res judicata bars their review here.

{¶3}   Second, Pemberton alleges conflicts of interest between the trial judge, Pemberton's victims, and his trial attorney.  Pemberton apparently knew of the alleged conflicts of interest between the trial judge and the victims in this case but did not assert this argument before entering his pleas or on direct appeal.  Nor did Pemberton pursue

the alleged conflict between trial judge and trial counsel in his appeal of the denial of his postconviction relief motion.  Thus, res judicata bars all these claims.

{¶4}   Third, Pemberton alleges that the state failed to abide by an "oral plea agreement" that differed from the negotiated plea agreement stated on the record at his plea hearing.  Again, Pemberton could have but did not assert this claim at the trial stage and in his direct appeal.  Thus, res judicata bars its review.

{¶5}   Fourth, Pemberton asserts that the trial court abused its discretion by failing to hold a hearing on his Crim.R. 32.1 motion.  Because Pemberton's motion was premised upon claims of ineffective assistance of counsel and other allegations that are barred by the doctrine of res judicata, the court was not required to hold a hearing.

## I.  Summary of the Facts

{¶6}   In February 2008, a Gallia County grand jury indicted Pemberton, charging him with two counts of attempted aggravated murder, two counts of aggravated burglary, two counts of felonious assault, and one count of abduction.  After Pemberton's assigned counsel entered pleas of not guilty due to insanity, the court ordered a psychiatric evaluation.

{¶7}   In May 2008, Pemberton replaced assigned counsel with private counsel, John Lentes.  Later that month, the court received Pemberton's mental evaluation, which concluded that Pemberton was not suffering from a severe mental defect at the time of the offense.

{¶8}   In August 2008, Pemberton and the state agreed to a negotiated plea. Pemberton agreed to plead guilty to two counts of felonious assault, each with a gun specification, and one count of abduction.  The state agreed to dismiss the remaining

counts of the indictment and recommended that Pemberton receive a 23-year prison sentence. On August 5, 2008, after a lengthy colloquy, the court accepted Pemberton's pleas, found him guilty, and sentenced him to an aggregate prison term of 23 years on the three counts.

{¶9} Pemberton subsequently filed an untimely notice of appeal and a motion to seek a delayed appeal. Later, he and the state filed a joint motion to dismiss this direct appeal, which we granted.[1] Pemberton later filed an untimely petition for postconviction relief in the trial court. The court overruled this motion. Pemberton appealed from the denial of his motion for postconviction relief to this court but then subsequently failed to file a brief. After we provided Pemberton the opportunity to file an untimely brief, he still failed to respond. We then dismissed his appeal. Subsequently, Pemberton filed with the trial court a Crim.R. 32.1 postsentence motion to withdraw his guilty pleas, the subject of this appeal.

{¶10} In his motion, Pemberton argued that he received ineffective assistance of counsel. Pemberton attached his affidavit to the motion as well as the sworn affidavits of his sister and mother. The three affidavits claimed that: (1) Lentes told them that the "first psychological evaluation was a joke" and that the "judge would not consider" a second evaluation; (2) Lentes told Pemberton that if he agreed to plead guilty to the charges "he would only receive seven (7) years for his plea"; and (3) the court did not hold a competency hearing to determine if Pemberton was competent to stand trial.

{¶11} In its journal entry overruling the motion, the court first noted that Pemberton filed the motion over one year after he was sentenced and that he attached

---

[1] Pemberton alleges that he agreed to dismiss this appeal because his appellate attorney advised him that the arguments he wanted to present were inappropriate for direct appeal because they were not within the appellate record.

the same affidavits to this motion that were attached to his petition for postconviction

relief (none of which stated they were based on personal knowledge).  The court found

that even if Lentes' actions or inactions amounted to deficient performance, Pemberton

had not shown that he was prejudiced "because the Court knows very well the pain it

takes to make sure it complies with Crim.R. 11." The court also found that an

evidentiary hearing was unnecessary because Pemberton failed to assert facts

establishing that his guilty pleas were a "manifest injustice."

{¶12}  Pemberton filed a timely notice of appeal of the court's decision to

overrule his Crim.R. 32.1 motion.

## II. Assignments of Error

{¶13}  Pemberton assigns four errors:

FIRST ASSIGNMENT OF ERROR

The Defendant's Fourth (4th), Sixth (6th), Fourteenth (14th), Amendments

of the United State [sic] Constitution and Article I: Section two (2), Ten

(10), and Sixteen (16), of the Ohio Constitution were violated due to his

trial counsel (John R Lentes) failing to provide effective Assistance of

counsel[.]


SECOND ASSIGNMENT OF ERROR

Defendant's Fifth (5th) and Fourteenth (14th) Amendment's right's [sic]

under the United States Constitution and under Article I: Section two (2)

and Sixteen (16) of the Ohio Constitution were violated due to Conflict of

Interest between [sic] trial Judge Dean Evans, Defendant's counsel John R Lentes and the people that got hurt in this particular case[.]

THIRD ASSIGNMENT OF ERROR

Defendant's Fifth (5th) and Fourteenth (14th) Amendment's right's [sic] under the United States Constitution and under Article I: Section two (2) and Sixteen (16) of the Ohio Constitution were violated due to the prosecuting attorney (C. Jeffrey Adkins) who was on behalf of the State of Ohio not abiding by the oral plea agreement[.]

 FOURTH ASSIGNMENT OF ERROR

The trial court abused it [sic] discretion by not holding a hearing on the Motion to withdraw plea of guilt and by not given [sic] a full and fair considertion [sic] to the plea withdrawal request.[.]

### III. Withdrawal of Guilty Plea

{¶14} Pemberton's assignments of error collectively argue that the trial court abused its discretion by denying his motion to withdraw his guilty pleas.

{¶15} Crim.R. 32.1, which governs motions to withdraw guilty pleas, provides:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶16}** Accordingly, a defendant who wishes to withdraw a plea of guilt after the court has passed sentence must demonstrate a "manifest injustice." *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraph one of the syllabus. The Supreme Court of Ohio has defined "manifest injustice" as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83. "[U]nder such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *Smith* at 264, citing *United States v. Semel* (C.A. 4, 1965), 347 F.2d 228 [subsequent history omitted].

**{¶17}** The movant bears the burden of establishing a manifest injustice. Id. The decision of whether to grant or deny a motion to withdraw a guilty plea is addressed "to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id., citing *United States v. Washington* (C.A. 3, 1965), 341 F.2d 277 [subsequent history omitted]. Thus, we will not reverse a trial court's decision to grant or deny a postsentence motion to withdraw a guilty plea unless the trial court abused its discretion, i.e., the court's decision was "unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157-158, 404 N.E.2d 144.

**{¶18}** Pemberton argues that his guilty pleas amounted to a manifest injustice because of the existence of: (1) various instances of ineffective assistance of counsel occurring before and after his plea; (2) a conflict of interest between the trial judge, victims, and trial counsel; and (3) the prosecutor's alleged failure to abide by an "oral plea agreement." Pemberton additionally contends that the trial court abused its discretion by not holding a hearing on the motion to withdraw the guilty plea.

IV. Ineffective Assistance of Counsel

{¶19}  In his first assignment of error, Pemberton argues that manifest injustice occurred because trial counsel provided him with constitutionally deficient representation.  Generally, the doctrine of res judicata bars from review claims of ineffective assistance of counsel raised in a postsentence Crim.R. 32.1 motion to withdraw a guilty plea if those claims were or could have been asserted on direct appeal.  *State v. Vincent*, Ross App. No. 03CA2713, 2003-Ohio-3998, at ¶11.  "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."  *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph nine of the syllabus.  Likewise, res judicata bars Pemberton from raising issues of ineffective assistance of counsel that could have been addressed in a motion for postconviction relief or in a subsequent appeal from the denial of post-conviction relief.  See *State v. Lott*, Cuyahoga App. Nos. 79790, 79791, 79792, 2002-Ohio-2752, at ¶41.  In other words, res judicata bars Pemberton from raising claims of ineffective assistance that occurred both "on-the-record" (direct appeal) and "off-the-record" (postconviction relief) in his current Crim.R. 32.1 motion.  Pemberton could have raised the claims of ineffective assistance he raises in this motion either in his direct appeal, which he voluntarily dismissed, or in the appeal of his postconviction relief petition, which we dismissed for failure to prosecute.

Accordingly Pemberton's first assignment of error alleging ineffective assistance of counsel as a basis for his Crim.R. 32.1 motion is meritless.

V.   Conflicts of Interest

**{¶20}**  In his second assignment of error, Pemberton asserts that his guilty pleas amount to a manifest injustice because of a conflict of interest between the trial judge, Pemberton's trial counsel, and the victims.  First, Pemberton alleges that in 2005 he took one victim, Hayslip, to the trial judge's home.  Pemberton offers no explanation as to what occurred at this visit, the nature of his or Hayslip's relationship with the trial judge or how this alleged visit created a conflict of interest.

**{¶21}**  Because he was allegedly there, Pemberton would have known about the visit to the trial judge's home in 2005 and any related conflict of interest.  Yet he failed to assert this either at the trial stage or on direct appeal, or, to the extent this allegation relies on evidence outside the record, in his petition for postconviction relief and its appeal.  Thus, res judicata bars this claim.

**{¶22}**  Next, Pemberton contends that in 2007 the trial judge filed a grievance against his trial counsel, John Lentes, after the trial judge learned that trial counsel forged his signature on a judgment entry that trial counsel prepared to deceive a client in a separate and unrelated matter.  See *Disciplinary Counsel v. Lentes*, 120 Ohio St.3d 431, 2008-Ohio-6355, 900 N.E.2d 167.  It is not as clear whether Pemberton knew of or could have asserted the grievance issue before sentencing or on direct appeal. Regardless, Pemberton could have asserted this issue in the postconviction setting, but did not.  Therefore, this claim is barred by res judicata.

VI. Alleged Failure to Abide by "Oral Plea Agreement."

**{¶23}** In his third assignment of error, Pemberton contends that his guilty plea was a manifest injustice because the state failed to abide by an "oral plea agreement" allegedly negotiated the day before he entered his plea in open court. Pemberton offers no details as to the nature of this "oral plea agreement" (Pemberton discusses an alleged seven-year plea deal in his first assignment of error alleging ineffective assistance of counsel, we presume it is the same). The state argues that Pemberton has offered no evidence that such a plea deal existed. Additionally, the state argues that Crim.R.11(F) mandates on-the-record pronouncement of negotiated plea deals. The state contends that the only plea deal stated on the record was the 23-year prison term discussed at the plea and sentencing hearing.

**{¶24}** As with his other claims, res judicata bars Pemberton from asserting this argument now. To the extent this issue relies on evidence outside the record, Pemberton could have asserted this argument in his appeal of the denial of postconviction relief but failed to do so. Therefore, res judicata bars our consideration.

VII. Failure to Hold Hearing on Crim.R. 32.1 Motion

**{¶25}** In his final assignment of error, Pemberton contends that the trial court abused its discretion by not holding a hearing on the motion. The state contends that trial courts are only required to hold a hearing on Crim.R. 32.1 motions when the allegations in the motion, if true, would amount to a "manifest injustice." The state argues that Pemberton based the arguments in the motion on instances of ineffective assistance of counsel, and that res judicata bars their review. Therefore, Pemberton was not entitled to a hearing.

**{¶26}** As we held in *Vincent*, supra, "[a] trial court is not always required to conduct an evidentiary hearing when presented with a post-sentence motion to withdraw a guilty plea." Id. at ¶10, citing *State v. Nathan* (1995), 99 Ohio App.3d 722, 651 N.E.2d 1044; *State v. Woods,* Cuyahoga App. No. 82120, 2003-Ohio-2475*; State v. Jacobson,* Adams App. No. 01CA730, 2003-Ohio-1201*; State v. Moore,* Pike App. No. 01CA674, 2002-Ohio-5748. Rather, a trial court need only hold a hearing on a Crim.R. 32.1 motion if the "facts, as alleged by the defendant, indicate a manifest injustice would occur if the plea was allowed to stand." Id., citing *Nathan* and *Jacobson*.

**{¶27}** The allegations Pemberton set forth in his motion and supporting affidavits alleged manifest injustice as the result of various instances of ineffective assistance of counsel and an off-the-record plea deal. Because we have already determined that res judicata bars a consideration of the merits of those issues, the court was not required to hold a hearing on them. Accordingly, this assignment of error is meritless.

### VIII. Conclusion

**{¶28}** For the foregoing reasons, we hold that the trial court did not abuse its discretion in overruling Pemberton's Crim.R. 32.1 motion or by declining to hold a hearing on the motion. We therefore affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Kline, J. & McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
          William H. Harsha, Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**