[Cite as *State v. Walters*, 2013-Ohio-695.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 12CA3482 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| DARRYL WALTERS, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **Released: 02/13/13** |

_____

APPEARANCES:

Darryl Walters, Lebanon, Ohio, Appellant, pro se.

Mark E. Kuhn, Scioto County Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

McFarland, P.J.

{¶1} Appellant, Darryl Walters, appeals the trial court's denial of his motion to withdraw his guilty plea and for a new trial, which was filed more than three years after he was convicted and sentenced. On appeal, Appellant raises only one assignment of error, contending that the trial court denied his motion to withdraw his guilty plea without an evidentiary hearing. In light of our conclusions that 1) Appellant's arguments are barred by res judicata, and 2) Appellant's arguments fail even if addressed on the merits, Appellant has failed to demonstrate a manifest injustice requiring

withdrawal of his guilty plea. As such, we cannot conclude that the trial court abused its discretion when it denied Appellant's motion without holding a hearing. Accordingly, Appellant's sole assignment is overruled and the decision of the trial court is affirmed.

FACTS

{¶2} On May 5, 2008, Appellant was indicted under a four count indictment for murder, felonious assault, tampering with evidence, and abuse of a corpse, stemming from the death of Aleisha Frazee in October of 2001.[1] The matter was assigned as Scioto County criminal case number 08CR468. Although the factual information in the record is limited, the record indicates that Appellant confessed to these crimes upon being interviewed by Scioto County Sheriff's Department detectives while he was being held in Adams County in connection with the homicide of another woman from that county.

{¶3} In October of 2008, Appellant entered into a negotiated plea agreement with the State and the trial court whereby he would plead not guilty to the murder charges in cases 08CR468 and 08CR469, in exchange for receiving two fifteen years to life sentences for the Scioto County cases,

---

[1] Appellant was also indicted for murder in Scioto County criminal case number 08CR469, which involved a different victim, Tamera Smith. These matters appear to have proceeded through the trial court as companion cases, although they were never consolidated. Appellant currently only appeals the denial of his post-sentence motion to withdraw his guilty plea in case number 08CR468.

to be served concurrently to one another, and consecutive to the fifteen years to life sentence he received in Adams County. The transcript from the change of plea and sentencing hearing held on October 8, 2008, recited this agreement and Appellant's understanding thereof. Further, the remaining counts under the indictments were dismissed.

{¶4} Appellant did not file a direct appeal of his conviction and sentence, nor has he filed any motions for post-conviction relief. On December 16, 2011, over three years after he was sentenced, Appellant filed a motion to withdraw his guilty plea and requested a new trial. In his motion, Appellant argued that his trial counsel had advised him that his Scioto County sentences were to be served concurrently, not consecutively to the Adams County sentence. Appellant further argued that he received ineffective assistance of counsel by virtue of his trial counsel's failure to file a motion to suppress his incriminating statements, which he claimed were made without a proper Miranda warning.

{¶5} The State objected to Appellant's motion, and the trial court denied Appellant's motion without a hearing by entry dated March 9, 2012. It is from this entry denying his motion that Appellant now brings his appeal, setting forth a single assignment of error for our review.

ASSIGNMENT OF ERROR

"I.     THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING
        THE DEFENDANT-APPELLANT'S MOTION TO WITHDRAW
        HIS GUILTY PLEA WITHOUT AN EVIDENTIARY HEARING."

LEGAL ANALYSIS

{¶6} In his sole assignment of error, Appellant contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea without an evidentiary hearing. Specifically, Appellant argues his trial counsel's erroneous advice regarding the negotiated plea amounted to a manifest injustice entitling him to withdraw his plea. He further argues that trial counsel's failure to file a motion to suppress constituted ineffective assistance of counsel, which he argues also resulted in a manifest injustice. Appellant contends that having presented the trial court with facts constituting a manifest injustice, the trial court abused its discretion in denying the motion without first holding an evidentiary hearing.

Standard of Review

{¶7} Crim.R. 32.1, which governs motions to withdraw guilty pleas, provides: A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶8} Thus, a defendant who wishes to withdraw a plea of guilt after the court has passed sentence must demonstrate a "manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraph one of the syllabus (1977). The Supreme Court of Ohio has defined "manifest injustice" as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). "[U]nder such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *Smith* at 264; citing *United States v. Semel* (C.A.4, 1965), 347 F.2d 228 [subsequent history omitted].

{¶9} The movant bears the burden of establishing a manifest injustice. Id. The decision of whether to grant or deny a motion to withdraw a guilty plea is addressed "to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id., citing *United States v. Washington* (C.A.3, 1965), 341 F.2d 277 [subsequent history omitted]. Thus, we will not reverse a trial court's decision to grant or deny a postsentence motion to withdraw a guilty plea unless the trial court abused its discretion, i.e., the court's decision was "unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157-158, 404 N.E.2d 144 (1980).

**{¶10}** Appellant argues that his guilty pleas amounted to a manifest injustice because (1) his trial counsel misadvised him as to the agreed sentence he would receive in exchange for pleading guilty to both of the Scioto County cases, as well as the Adams County case; and (2) he received ineffective assistance of counsel based upon his trial counsel's failure to file a motion to suppress incriminating statements made to law enforcement while Appellant was in custody. Appellant additionally contends that the trial court abused its discretion by not holding a hearing on the motion to withdraw the guilty plea.

Negotiated Sentence

**{¶11}** Appellant first argues that his trial counsel informed him that in exchange for pleading guilty to both of the Scioto County cases, he would receive two fifteen years to life sentences, to be served concurrently to one another, and concurrently to the fifteen years to life sentence he received in connection with the Adams County case. However, at sentencing, the trial court ordered the two fifteen years to life sentences for the Scioto County cases to be served concurrently to one another, and consecutively to the Adams County sentence.

**{¶12}** To the extent that this argument claims ineffective assistance of counsel in explaining the negotiated terms of the plea agreement, it is

arguably waived. "Generally, the doctrine of res judicata bars from review claims of ineffective assistance of counsel raised in a postsentence Crim.R. 32.1 motion to withdraw a guilty plea if those claims were or could have been asserted on direct appeal." *State v. Pemberton*, 4th Dist. No. 10CA4, 2011-Ohio-373, ¶ 19; citing, *State v. Vincent*, Ross App. No. 03CA2713, 2003-Ohio-3998, at ¶ 11. " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.' " *Pemberton* at ¶ 19; quoting, *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph nine of the syllabus (1967).

{¶13} Similarly, the doctrine of res judicata bars Appellant from raising issues of ineffective assistance of counsel that could have been addressed in a motion for postconviction relief. *Pemberton* at ¶ 19; see also, *State v. Lott*, 8th Dist. Nos. 79790, 79791, 79792, 2002-Ohio-2752, at ¶ 41. Stated another way, res judicata bars Appellant from raising claims of ineffective assistance that occurred both "on-the-record" (direct appeal) and "off-the-record" (postconviction relief) in his current Crim.R. 32 .1 motion.

**{¶14}** Appellant could have raised this claim of ineffective assistance on direct appeal; however he did not appeal from his original conviction and sentence. Further, to the extent this issue relies upon evidence outside the record, namely off the record conversations he had with his trial counsel, Appellant could have asserted this argument through a petition for post-conviction relief, but failed to do so. Therefore, res judicata bars our consideration.

**{¶15}** Further, even assuming our consideration of this issue is not barred by res judicata, a review of the record contradicts the claim asserted by Appellant. Although Appellant claims that his trial counsel advised him that his Scioto County sentences would run concurrent to the sentence imposed in Adams county, Appellant stated otherwise, on the record, at the October 8, 2008, change of plea/sentencing hearing. For example, the following exchange occurred at that hearing:

THE COURT:      * * * The record should further reflect it's a negotiated plea between the State of Ohio, Defense Counsel, Defendant and this Court. Pursuant to Section 2953.08(D) and Criminal Rule 11F, that upon this Defendant's change of plea he understands he will received two 15 to year – 15 years to life sentences, running concurrently with each other, or at the same

time, but consecutively with the sentences he is serving in

Adams County.  He will be ordered to pay the court cost herein.

Is this your understanding, sir?

MR. WESTFALL: That is correct.

THE COURT:      Okay. Mr. Walters, is this your

understanding?

DEFENDANT:     Yes, I do.

**{¶16}** Thus, the express terms of the plea agreement, along with the agreed upon sentence was stated on the record, and Appellant voiced his understanding and agreement with those terms, which specified that the Scioto County cases were to be served consecutively to the sentence imposed in Adams County.  Accordingly, Appellant's first argument is without merit.   See *Pemberton*, generally.

Motion to Suppress

**{¶17}** In his next argument, Appellant contends that he received ineffective assistance of counsel by virtue of his trial counsel's failure to file a motion to suppress.  As set forth above, the doctrine of res judicata generally bars from review claims of ineffective assistance of counsel raised in a postsentence Crim.R. 32.1 motion to withdraw a guilty plea if those claims were or could have been asserted on direct appeal. *State v. Vincent*,

supra, at ¶ 11.  If Appellant believed he was provided with ineffective assistance of counsel at the trial court level, by virtue of his counsel's failure to file a motion to suppress, he could have raised that issue in a direct appeal, as this issue would have been apparent at the time of his conviction. *State v. LaPlante*, 4th Dist. No. 11CA3215, 2011-Ohio-6675, ¶ 8.

{¶18} Additionally, we note that the failure to file a motion to suppress does not constitute per se ineffective assistance of counsel.  *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52.  Instead, the failure to file a motion to suppress amounts to ineffective assistance of counsel only when the record demonstrates that the motion would have been successful if made. *State v. Resendiz,* 12th Dist. No. CA2009-04-012, 2009-Ohio-6177, ¶ 29; citing, *State v. Brown*, Warren App. No. CA2002-03-026, 2002-Ohio-5455, ¶ 11.  According to *Resendiz*, we are to presume that trial counsel was effective if he could have reasonably decided that filing a suppression motion would be a futile act, even if there is some evidence in the record to support a motion.  *Resendiz* at ¶ 29.

{¶19} Again, assuming that this issue is not barred by res judicata, we would find no merit to Appellant's argument.  Here, there is limited information in the record as to the details of the crimes alleged to be committed by Appellant.  Other than the indictment and bill of particulars

describing the victim and the offenses that occurred, we only have a written statement prepared by one of the detectives that investigated the case and interviewed Appellant. The detective's statement indicates that Appellant was questioned about two Scioto County homicides, one of which involved the victim herein, Aleisha Frazee, and one Adams County homicide while he was incarcerated in Indiana on February 11, 2008. The statement does not indicate whether Appellant was advised of his rights during this interview, however, at this time, Appellant denied any involvement in the Scioto County homicides.

{¶20} The statement further indicates that Appellant was not questioned again until February 15, 2008, and that interview took place after Appellant had been transferred back to Adams County. The detective's statement indicated that she was contacted by authorities in Adams County at Appellant's request, and that the interview took place after Appellant had been advised of his rights. It was during this interview that Appellant made incriminating statements related to the Scioto County homicides. Thus, the record reveals that Appellant's incriminating statements were made during an interview that was conducted at his request, and only after he had been advised of his rights.

**{¶21}** Viewing the totality of the evidence contained in the record, which is admittedly quite limited, we believe it was reasonable for trial counsel to conclude that filing a motion to suppress would be futile. This is especially true in light of the negative effect such a filing may have had on the negotiated plea agreement. Thus, even if Appellant's argument is not barred by the doctrine of res judicata, we find it to be without merit.

Evidentiary Hearing

**{¶22}** Finally, Appellant argues that the trial court abused its discretion in failing to hold an evidentiary hearing on his motion. "A trial court is not always required to conduct an evidentiary hearing when presented with a post-sentence motion to withdraw a guilty plea." *State v. Vincent*, supra, at ¶ 10 (internal citations omitted); see also, *State v. Pemberton*, supra, at ¶ 26. Instead, a trial court is only required to conduct an evidentiary hearing if the facts alleged by a defendant indicate a manifest injustice would occur if the plea were permitted to stand. Id. Further, if the record conclusively and irrefutably contradicts the defendant's allegations, an evidentiary hearing is not required. *Vincent* at ¶ 10.

**{¶23}** Because we have already concluded that res judicata bars consideration of the merits of the issues raised by Appellant, the trial court was not required to hold an evidentiary hearing on Appellant's motion.

Further, as set forth above, even considering the limited information contained in the record presently before us, that information contradicts Appellant's claims and allegations.  This is true with regard to Appellant's alleged understanding of the negotiated terms of the plea deal, as well as Appellant's claimed justification in the record for the filing of a motion to suppress.  Accordingly, we find no merit to this argument.

{¶24} Having found that the arguments raised under Appellant's sole assignment of error are barred by res judicata, and further having found no merit to the assignment of error, Appellant has failed to demonstrate that a manifest injustice will occur if his plea is permitted to stand.  As such, we cannot conclude that the trial court abused its discretion in denying Appellant's motion to withdraw his guilty plea without a hearing.  Thus, Appellant's sole assignment of error is overruled.  Accordingly, the decision of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J. & Abele, J: Concur in Judgment and Opinion.

For the Court,

BY:  _____
Matthew W. McFarland
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**