[Cite as *State v. Bendson*, 2013-Ohio-5157.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| MARCUS D. BENDSON | : | Case No. 2013CA00147 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Stark County Court of Common Pleas, Case No. 2012CR1143


JUDGMENT:  Affirmed


DATE OF JUDGMENT:  November 18, 2013


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney

BY: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
110 Central Plaza South, Suite 510
Canton, OH 44702

For Defendant-Appellant

MARCUS BENDSON, PRO SE
Inmate 633-750
Lorain Correctional Institution
2075 South Avon-Beldon Road
Grafton, OH 44044

*Baldwin, J.*

{¶1}   Appellant Marcus D. Bendson appeals a judgment of the Stark County Common Pleas Court overruling his motion to withdraw his guilty plea to aggravated burglary (R.C. 2911.11(A)(1),(2)) with a repeat violent offender specification and firearm specification, aggravated robbery (R.C. 2911.01(A)(1),(3)) with a repeat violent offender specification and firearm specification, felonious assault (R.C. 2903.11(A)(1),(2)) with a repeat violent offender specification and firearm specification, and having weapons under disability (R.C. 2923.13(A)(2),(3)).  Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}   On November 21, 2012, appellant was charged by a superseding indictment with aggravated robbery, aggravated burglary, kidnapping, felonious assault and having weapons under disability.  All of the counts except having weapons under disability included firearm specifications and repeat violent offender specifications.

{¶3}   Appellant's trial was scheduled for November 27, 2012.  On that day, he entered a plea of guilty to all charges except kidnapping pursuant to a negotiated plea agreement.  The prosecutor dismissed the kidnapping charge.   The trial court informed appellant of his constitutional rights to trial by jury or by a judge, to confront witnesses, to subpoena witnesses, and to require the state to prove his guilt beyond a reasonable doubt.   The trial court explained his right against self-incrimination.   The trial court reviewed the charges and potential penalties.  Appellant indicated that he understood all of his rights, as well as the charges and possible penalties.   Appellant entered a guilty plea as negotiated and the trial court sentenced him to fifteen years incarceration. Appellant did not file an appeal, and his delayed appeal was dismissed by this Court.

{¶4} On May 29, 2013, appellant filed a motion to withdraw his guilty plea on the grounds of manifest injustice. He argued that the plea form he signed had the wrong judge's name printed on the top, his original attorney's name was crossed out and the name of his attorney at the plea hearing was handwritten in its place, there was a handwritten notation of the sentence in the corner, and the plea form does not have a time stamp. The trial court overruled the motion. Appellant assigns one error on appeal:

{¶5} "TRIAL COURT ERRED IN DENYING APPELLANT'S RULE OF CRIMINAL PROCEDURE, RULE 32.1 MOTION TO WITHDRAW HIS GUILTY PLEA: UNDER THE MANIFEST INJUSTICE CLAUSE."

{¶6} The instant case comes to us on the accelerated calendar. App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

{¶7} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶8} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (1983).

{¶9} The doctrine of res judicata bars a defendant from making claims in a motion to withdraw a guilty plea which he could have raised on direct appeal. See *State*

*v. Walters*, 4th Dist. Scioto No. 12CA3482, 2013-Ohio-695, ¶12. In the instant case, appellant could have raised his claims of irregularities in the plea form on direct appeal. He failed to do so, and his claims are therefore barred by res judicata.

{¶10} Further, Crim.R. 32.1, which governs motions to withdraw guilty pleas, provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶11} Thus, a defendant who wishes to withdraw a plea of guilt after the court has passed sentence must demonstrate a "manifest injustice." *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraph one of the syllabus (1977). The Supreme Court of Ohio has defined "manifest injustice" as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner,* 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). "[U]nder such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *Smith* at 264; citing *United States v. Semel* (C.A.4, 1965), 347 F.2d 228 [subsequent history omitted].

{¶12} The movant bears the burden of establishing a manifest injustice. *Id.* The decision of whether to grant or deny a motion to withdraw a guilty plea is addressed "to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Id.,* citing *United States v. Washington* (C.A.3, 1965), 341 F.2d 277 [subsequent history omitted]. Thus, we will not reverse a trial court's decision to grant or deny a postsentence motion to withdraw a guilty plea unless the trial court abused its

discretion, i.e., the court's decision was "unreasonable, arbitrary or unconscionable." *State v. Adams,* 62 Ohio St.2d 151, 157–158, 404 N.E.2d 144 (1980).

{¶13}   Appellant did not make any claim that his plea was not knowing, voluntary, and intelligent.  The record reflects that appellant was informed of the rights he was waiving and of the charges and potential penalties.  He did not indicate at the time of the plea that he did not understand his rights or the charges and possible penalties, nor did he file an affidavit or other evidence to support his claim of manifest justice.  Despite the minor irregularities in the plea form, the judgment reflecting appellant's guilty plea, the judgment of sentence and the transcript of the plea hearing do not reflect any error in the plea proceedings. The trial court did not abuse its discretion in overruling his motion to withdraw his guilty plea.

{¶14}   The assignment of error is overruled.  The judgment of the Stark County Common Pleas Court is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.


_____
 HON. CRAIG R. BALDWIN


_____
 HON. WILLIAM B. HOFFMAN


_____
 HON. PATRICIA A. DELANEY


CRB/rad

[Cite as *State v. Bendson*, 2013-Ohio-5157.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MARCUS D. BENDSON | : | |
| | : | |
| Defendant – Appellant | : | CASE NO. 2013CA00147 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY