[Cite as *State v. Thompson*, 2015-Ohio-243.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 14 CAA 04 0021 |
| ZACHARY D. THOMPSON | |
| | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
                                Pleas, Case No.  08 CRI 08 0407

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         January 13, 2015

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CAROL HAMILTON O'BRIEN                    WILLIAM T. CRAMER
PROSECUTING ATTORNEY                      470 Olde Worthington Road
DOUGLAS N. DUMOLT                         Suite 200
ASSISTANT PROSECUTOR                      Westerville, Ohio  43082
140 North Sandusky Street, 3rd Floor
Delaware, Ohio  43015

*Wise, J.*

{¶1}　Defendant-appellant appeals the March 14, 2014, Judgment Entry of the Delaware County Court of Common Pleas denying his Motion to Withdraw Guilty Pleas.

{¶2}　Plaintiff-Appellee is the State of Ohio.

<u>STATEMENT OF THE CASE</u>

{¶3}　On December 1, 2009, Appellant entered a plea of guilty to two counts of aggravated vehicular homicide, in violation of R.C. §2903.06(A)(1)(a) and R.C. §2903.06(A)(2)(a).

{¶4}　On January 27, 2010, the trial court sentenced Appellee to five (5) years in prison, the first two years being mandatory, on each of the two counts, the sentences to be served consecutively. The trial court further ordered Appellee pay costs and restitution in the sum of $11,466.29. In addition, Appellee's driver's license was suspended for life.

{¶5}　The State appealed, assigning as error:

{¶6}　"I. THE SENTENCE OF FIVE YEARS WITH ONLY TWO YEARS BEING MANDATORY FOR EACH COUNT OF AGGRAVATED VEHICULAR HOMICIDE IMPOSED CONSECUTIVELY BY THE TRIAL JUDGE WAS UNLAWFUL AND VOID BECAUSE R.C. 2903.06(E) REQUIRES THE ENTIRE PRISON TERM TO BE MANDATORY."

{¶7}　Defendant-Appellant, cross-appealed, assigning as error:

{¶8}　"THE CONSECUTIVE SENTENCES IMPOSED UPON APPELLEE WERE CONTRARY TO LAW AS THE TRIAL COURT FAILED TO MAKE THE REQUISITE FINDINGS UNDER O.R.C. §2929.14(E)."

{¶9} This Court overruled both the State's and the Defendant's assignments of error and affirmed the trial court's decision.

{¶10} On May 28, 2013, Appellant filed a Motion to Withdraw Guilty Pleas.

{¶11} On June 11, 2013, the State filed a Memorandum Contra.

{¶12} On August 15, 2013, Appellant filed a Response and a Motion: Submitting Evidence to Supplement Defendant's Motion to Withdraw Guilty Pleas.

{¶13} By Judgment Entry filed March 14, 2014, the trial court denied Appellant's motion.

{¶14} Appellant now appeals, assigning the following error for review:

<u>ASSIGNMENT OF ERROR</u>

{¶15} "I. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEAS."

I.

{¶16} In his sole Assignment of Error, Appellant argues that the trial court erred in denying his motion to withdraw his guilty plea filed after sentencing.

{¶17} A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶18} We review the trial court's denial of a motion to withdraw a guilty plea under an abuse of discretion standard of review. *State v. Pepper,* 5th Dist. Ashland No. 13 COA 019, 2014–Ohio–364, ¶ 31 citing *State v. Caraballo,* 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). In order to find an abuse of discretion, we must determine the trial

court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Pepper,* 2014–Ohio–364, ¶ 31 quoting *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus.

{¶19} In *State v. Gallegos–Martinez,* 5th Dist. Delaware No. 10–CAA–06–0043, 2010–Ohio–6463, after his first motion to withdraw his plea was denied by the trial court, the defendant filed a second motion which raised some of the same arguments that he made in his first motion. This Court observed:

> We find that at least some of the issues in his present appeal of the denial of his second motion to withdraw his guilty plea are prohibited by the doctrine of res judicata. As stated in *State v. Sneed,* Eighth District No. 84964, 2005–Ohio–1865, "Where a defendant files a post conviction motion to withdraw and fails to raise an issue that could have been raised, the defendant is precluded from raising the issue in a subsequent motion to withdraw. *See State v. Jackson* (Mar. 31, 2000), Trumbull App. No. 98–T–0182. Indeed, numerous courts have applied the doctrine of res judicata to successive motions to withdraw a guilty plea. *See State v. Brown,* Cuyahoga App. No. 84322, 2004–Ohio–6421 (determining that a Crim.R. 32.1 motion will be denied when it asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion); *State v. McLeod,* Tuscarawas App. No. 2004 AP 03 0017, 2004–Ohio–6199 (holding res judicata

barred current challenge to a denial of a motion to withdraw because the issues could have been raised in a defendant's initial motion to withdraw); *State v. Vincent,* Ross App. No. 03CA2713, 2003–Ohio–3998 (finding res judicata barred defendant from raising issues that could have been raised in a prior motion for new trial or Crim.R. 32.1 motion); *State v. Reynolds,* Putnam App. No. 12–01–11, 2002–Ohio–2823 (finding that the doctrine of res judicata applies to successive motions filed under Crim.R. 32 .1); *State v. Unger,* Adams App. No. 00CA705, 2001–Ohio–2397 (concluding that the defendant's Crim.R. 32.1 motion was barred by res judicata because she had previously filed a motion to withdraw her guilty plea that she did not appeal prior to filing the second motion to withdraw guilty plea); *State v. Jackson* (Mar. 31, 2000), Trumbull App. No. 98–T–0182 (res judicata applies to successive motions to withdraw a guilty plea filed pursuant to Crim.R. 32.1). As succinctly stated in *State v. Kent,* Jackson App. No. 02CA21, 2003–Ohio–6156: 'Res judicata applies to bar raising piecemeal claims in successive post-conviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first post conviction relief petition or motion to withdraw a guilty plea.' " *Sneed* at ¶ 17.

*State v. Gallegos–Martinez,* ¶ 12. *Accord, State v. Corradetti,* 5th Dist. Stark No. 2008 CA 00194, 2009–Ohio–1347; *State v. Lankford,* 7th Dist. No. 07 BE 3, 2007–Ohio–3330; *State v. Zhao,* 9th Dist. Lorain No. 03CA008386, 2004–Ohio–3245.

**{¶20}** In the instant case, Appellant first raised his arguments related to unintended acceleration based upon newly discovered evidence at a hearing in February, 2011. At that time, the trial court found that news and information concerning

the issues of unintended acceleration had been available as early as January, 1996. The trial court further found that Appellant failed to present any evidence that his vehicle was subject to any such defect. Lastly, the trial court found that it was Appellant's actions of being intoxicated and driving left of center that caused the death of the victims in this case.

**{¶21}** As Appellant already raised the foregoing arguments in a previous motion, which the trial court denied, *res judicata* bars him from raising them a third time in a subsequent motion. *See Hildebrand* at ¶ 5.

**{¶22}** In addition, Appellant's instant motion to withdraw his guilty plea claims that counsel representing him in his first motion to withdraw his guilty plea was ineffective.

**{¶23}** To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158 (1955). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

**{¶24}** A properly licensed attorney is presumed competent. *State v. Hamblin,* 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, Appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process the trial cannot be relied upon as having produced a just result. *Id.*

**{¶25}** Even if a defendant could show that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

**{¶26}** Here, based on the facts of this case, specifically that the accident which resulted in two deaths was caused by Appellant being intoxicated and driving left of center and causing a head-on collision, we find that Appellant's counsel's decisions to focus on arguments other than "unintended acceleration" do not rise to the level of incompetence.

**{¶27}** Even if *res judicata* did not operate to bar the claims in this motion to withdraw his plea, we do not find that the trial court abused its discretion in overruling the motion. "A post-sentence motion to withdraw guilty plea may be made only to correct a manifest injustice." *State v. Beavers,* 10th Dist. Franklin No. 11AP–1064,

2012–Ohio–3654, ¶ 7, citing Crim.R. 32.1. Manifest injustice " 'is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases.' " *State v. Tabor,* 10th Dist. Franklin No. 08AP–1066, 2009–Ohio–2657, ¶ 6, quoting *State v. Price,* 4th Dist. Washington No. 07CA47, 2008–Ohio–3583, ¶ 11. " 'A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.' " *State v. Brooks,* 2d Dist. Montgomery No. 23385, 2010–Ohio–1682, ¶ 8, quoting *State v. Hartzell,* 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999). "The movant has the burden to demonstrate that a manifest injustice occurred." *Id.,* citing *Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraph one of the syllabus.

**{¶28}** We cannot find that manifest injustice occurred for the reasons set forth above.

**{¶29}** Accordingly, we find that the claims in Appellant's Crim.R. 32.1 motion to withdraw his guilty plea are barred by the doctrine of *res judicata*, and that the trial court

also did not abuse its discretion in denying the motion.  Appellant's sole Assignment of Error is overruled.

{¶30}  For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Gwin, J., concur.


JWW/d 0105