[Cite as *State v. Bradford*, 2024-Ohio-428.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 2023CA00056 |
| KEVIN D. BRADFORD | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:    Appeal from the Stark County Court of
                             Common Pleas, Case No. 2020CR1981

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      February 6, 2024

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KYLE L. STONE                         GEORGE URBAN
Prosecuting Attorney                  116 Cleveland Avenue, N.W., Suite #808
Stark County, Ohio                    Canton, Ohio 44702

VICKI L. DeSANTIS
Assistant Prosecuting Attorney
Appellate Division
110 Central Plaza South, Suite #510
Canton, Ohio 44702-1413

*Hoffman, P.J.*

{¶1}   Defendant-appellant Kevin D. Bradford appeals the June 13, 2023 Judgment Entry entered by the Stark County Court of Common Pleas, which denied his motion to withdraw guilty plea.  Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶2}   On December 2, 2020, the Stark County Grand Jury indicted Appellant on one count of murder, in violation of R.C. 2903.02(A) and (D) and R.C. 2929.02(B), an unclassified felony.  Appellant appeared before the trial court for arraignment on December 4, 2020, and entered a plea of not guilty to the Indictment.

{¶3}   On April 14, 2021, the Stark County Grand Jury returned a superseding Indictment, charging Appellant with one count of murder, in violation of R.C. 2903.02(A) and (D) and R.C. 2929.02(B), an unclassified felony; one count of murder, in violation of R.C. 2903.02(B) and (D) and R.C. 2929.02(B), an unclassified felony; and one count of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree.  At his arraignment on April 16, 2021, Appellant entered a plea of not guilty to all the charges.

{¶4}   Pursuant to plea negotiations, Appellant withdrew his former pleas of not guilty and enter guilty pleas to Count 2, murder [R.C. 2903.02(B) and (D) and R.C. 2929.02(B)], and Count 3, felonious assault [R.C. 2903.11(A)(1)].  The state entered a nolle prosequi on Count 1, murder [R.C. 2903.02(A) and (D) and R.C. 2929.02(B)].  Following a Crim. R. 11 colloquy, the trial court accepted Appellant's pleas and found him guilty. The trial court immediately proceeded to sentencing.  The trial court found the offenses of murder and felonious assault were allied offenses of similar import and merged them for purposes of sentencing.  The trial court imposed a sentence of fifteen (15) years to life on Count 2, murder.  The trial court memorialized Appellant's convictions

and sentence via Judgment Entry filed April 30, 2021. Appellant did not appeal his convictions or sentence.

{¶5} On March 8, 2023, Appellant filed a pro se motion to withdraw guilty plea pursuant to Crim. R. 32.1. Specifically, Appellant argued his plea was not knowingly, intelligently, and voluntarily entered due to trial counsel's ineffectiveness. Appellant further claimed the trial court failed to comply with Crim. R. 11, and Crim. R. 32(B). The state filed a memorandum in opposition on April 18, 2023.

{¶6} On June 1, 2023, Appellant filed a Notice of Appeal from the April 30, 2021 Judgment Entry. On the same day, Appellant filed a Statement, Praecipe and Notice to Court Reporter as well as a Motion for Preparation of Complete Transcript of Proceedings at State Expense, Motion for Appointment of Counsel, and an Affidavit of Indigency. Via Order filed June 16, 2023, this Court granted Appellant's request to file a delayed appeal and remanded the matter to the trial court to rule on Appellant's motion for transcript and motion for appointment of counsel. Via Judgment Entry filed July 19, 2023, the trial court granted Appellant's motion for transcript and appointed Attorney George Urban as appellate counsel. This Court dismissed the appeal for want of prosecution on September 27, 2023.

{¶7} Via Judgment Entry filed June 13, 2023, the trial court denied Appellant's motion to withdraw guilty plea. The trial court found Appellant failed to meet his burden of showing a manifest injustice. The trial court further found Appellant had been fully advised in all matters by the trial court pursuant to Crim. R. 11, and there was no evidence to show trial counsel was ineffective in his assessment of the case and advice to Appellant.

{¶8} It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

APPELLANT'S RIGHTS WERE VIOLATED WHEN THE TRIAL COURT ABUSED ITS DISCRETION AND FAILED TO INFORM APPELLANT OF HIS RIGHT TO APPEAL AND, OR WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.

STANDARD OF REVIEW

{¶9} A reviewing court will not disturb a trial court's decision whether to grant or deny a motion to withdraw a plea absent an abuse of discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶10} Crim. R. 32.1 governs the withdrawal of guilty pleas and provides:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea. Crim. R. 32.1.

**{¶11}** A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A "manifest injustice" is a "clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), "evidenced by an extraordinary and fundamental flaw in a plea proceeding." *State v. Tekulve*, 1st Dist. Hamilton No. C–090783, 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030, ¶ 7 (Citations omitted). The term "has been variously defined, but it is clear that under such standard, a post-sentence withdrawal motion is allowable only in extraordinary cases." *Smith*, supra at 264.

**{¶12}** "A trial court is not automatically required to hold a hearing on every postsentence motion to withdraw a guilty plea. * * * A hearing is required only if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818, ¶ 11.

I

**{¶13}** Appellant predicated his post-sentence motion to withdraw his guilty plea on two grounds. First, Appellant maintained he was denied the effective assistance of counsel in entering his plea. Second, Appellant alleged the trial court failed to comply with Crim. R. 11 and Crim. R. 32(B).

*Ineffective Assistance of Trial Counsel*

**{¶14}** In his motion to withdraw his guilty plea, Appellant argued trial counsel's failure to convey correct information regarding his right to appeal and right to appointed

counsel on appeal constituted ineffective assistance of counsel which warranted the granting of his motion. Appellant further contends trial counsel was ineffective for advising him a jury would absolutely find him guilty of both counts of murder and he would receive a greater sentence.

{¶15} Challenges to guilty pleas based upon allegations of ineffective assistance of counsel during the plea process are evaluated under the two-pronged cause and prejudice test of *Strickland v. Washington,* 466 U.S. 668, 687-88, 694 (1984). *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). "First, the defendant must show that counsel's performance was deficient." *Strickland,* at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. Second, the defendant must demonstrate prejudice resulting from counsel's deficient performance. *Id.* The defendant can show prejudice by demonstrating a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill* at 59, 106 S.Ct. 366; *State v. Xie,* 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992). This demonstration "focuses on a defendant's decision making" and requires "contemporaneous evidence that but for his counsel's erroneous advice, [the defendant] would have made a different decision." *State v. Bozso,* 162 Ohio St.3d 68, 2020-Ohio-3779, ¶ 29, 164 N.E.3d 344, quoting *Lee v. United States*, —— U.S. ——, 137 S.Ct. 1958, 1966, 198 L.Ed.2d 476 (2017).

{¶16} Appellant has failed to demonstrate with reference to any contemporaneous evidence focused on his decision-making, apart from his allegations of trial counsel's ineffectiveness, he would have chosen not to enter a guilty plea.

{¶17} Accordingly, we find the trial court did not abuse its discretion in denying his motion to withdraw his guilty plea on his claim of ineffective-assistance of counsel.

*Crim. R. 11 and Crim. R. 32(B)*

**{¶18}** In his motion to withdraw his guilty plea, Appellant claimed, because the trial court failed to correctly state the law during the Crim. R. 11 colloquy, and failed to advise him of his right to appeal pursuant to Crim. R. 32(B), his plea was not knowingly, intelligently, and voluntarily made; therefore, he should be permitted to withdraw his guilty plea.

**{¶19}** During the change of plea hearing, the trial court conducted a Crim. R. 11 colloquy with Appellant. The trial court advised Appellant of the nature of the charge, the minimum and maximum penalties involved, the mandatory nature of the sentence, the post-release control requirements, and the fact Appellant was not eligible for community control or early presumptive release. The trial court also informed Appellant of the effects of a guilty plea and the rights he would be waiving as a result of his plea. Appellant confirmed his understanding of the trial court's advisements. When the trial court asked Appellant if he understood by pleading guilty he was making a complete admission to all of the allegations in the indictment, Appellant responded, "Yes." Transcript of Plea and Sentencing at p. 8. The trial court asked Appellant if there had been any promises or threats which induced him to change his plea. Appellant answered, "No." *Id.* at p. 9. Appellant also stated he understood the trial court would be proceeding to sentencing. *Id.* at pp. 10-11.

**{¶20}** After accepting Appellant's plea and finding him guilty, the trial court immediately proceeded to sentencing.

**{¶21}** Crim.R. 32(B)(2) specifically provides: "After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed."

**{¶22}** Although a trial court has an "obligation to advise a defendant of his right to appeal," that obligation only "becomes operative 'after imposing sentence.' " *State v. Nicholas,* 11th Dist. Portage No. 2009-P-0049, 2010-Ohio-1451, 2010 WL 1254331, ¶ 26, quoting *State v. Atkinson*, 9th Dist. Medina No. 05CA0079-M, 2006-Ohio-5806, 2006 WL 3160001, ¶ 22 The trial court's duty to notify a defendant as to the right to appeal "is not a requirement to be performed prior to the acceptance of a plea and has no bearing on whether the plea was knowingly, intelligently or voluntarily made." *State v. Finch*, 5th Dist. Licking No. 11 CA 6, 2011-Ohio-4273, ¶ 26.  See also, *State v. Barr*, 8th Dist. Cuyahoga No. 96907, 2011-Ohio-6651, ¶ 10

**{¶23}** We further find the lengthy delay in filing his motion to withdraw guilty plea is problematic. Appellant filed the motion to withdraw his guilty plea almost two years after his sentence was imposed. The length of passage of time between the entry of a plea and a defendant's filing of a Crim. R. 32.1 motion is a valid factor in determining whether a "manifest injustice" has occurred. *State v. Lane*, 5th Dist. Richland No. 03-CA-89, 2004-Ohio-2235, ¶19 (Citation omitted).

*Res Judicata*

**{¶24}** "Res judicata generally bars a defendant from raising claims in a Crim.R. 32.1 post-sentencing motion to withdraw guilty plea that he raised or could have raised on direct appeal." *State v. Straley*, 159 Ohio St.3d 82, 147 N.E.3d 623, 2019-Ohio-5206, ¶ 23. "Similarly, the doctrine of res judicata bars Appellant from raising issues of

ineffective assistance of counsel that could have been addressed in a motion for postconviction relief." *State v. Walters*, 4th Dist. Scioto No. 12CA3482, 2013-Ohio-695, ¶ 13 (Citations omitted).

**{¶25}** Appellant did not file a direct appeal from his original convictions and sentence. Accordingly, we find Appellant is precluded by the doctrine of res judicata from litigating these issues now, in precisely the sort of repeated attacks on a final judgment the doctrine of res judicata is intended to prevent.

**{¶26}** Upon review of the record, we find Appellant has failed to establish the existence of manifest injustice. As such, we find the trial court did not abuse its discretion in denying Appellant's motion to withdraw his guilty plea.

**{¶27}** Appellant's sole assignment of error is overruled.

**{¶28}** The judgment of the Stark County Court of Common Pleas is affirmed.


By: Hoffman, P.J.

Baldwin, J. and

King, J. concur