[Cite as *State v. Smith*, 2025-Ohio-1327.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO | : | | JUDGES: |
| | : | | Hon. Andrew J. King, P.J. |
| Plaintiff - Appellee | : | | Hon. Robert G. Montgomery, J. |
| | : | | Hon. David M. Gormley, J. |
| -vs- | : | | |
| | : | | |
| MICHAEL L. SMITH | : | | Case No. 24 CA 40 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Guernsey County
Court of Common Pleas, Case No.
19 CR 312

JUDGMENT:            Affirmed

DATE OF JUDGMENT:            April 14, 2025

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

Mark A. Perlaky            Michael L. Smith, Inmate A-776-207
Assistant Prosecuting Attorney            Trumbull Correctional Institution
627 Wheeling Avenue            5701 Burnett Street
Cambridge, Ohio 43725            Leavittsburg, Ohio 44430

*Gormley, J.*

**{¶1}** Defendant Michael L. Smith appeals the judgment of the Guernsey County Court of Common Pleas denying both his motion to withdraw his guilty plea and his related motion for transcripts. He contends that the state was required to pay the cost of a transcript from his plea-and-sentencing hearing, that his guilty plea was not made knowingly, intelligently, and voluntarily, and that he was denied the effective assistance of counsel. After reviewing the record, we find no error in the trial court's judgment and now affirm.

**Procedural History**

**{¶2}** In June 2020, Smith pled guilty to two first-degree-felony rape charges as well as two second-degree-felony charges in which he was accused of illegally using a minor in nudity-oriented material. The trial judge accepted Smith's guilty pleas and proceeded immediately to sentencing.

**{¶3}** On each of the two rape charges, Smith was sentenced to an indefinite prison term of 25 years to life. The sentences on the two rape charges were imposed consecutively, so Smith's aggregate sentence on those charges was 50 years to life. On each of the nudity-oriented-material charges, Smith was sentenced to an indefinite prison term with a minimum length of five years. The sentences on the two nudity-oriented-material charges were imposed concurrently with each other and concurrently with the sentences on the rape charges. The trial court also found Smith to be a tier-three sex offender and informed Smith of his duty to register with the appropriate sheriff if and when Smith is released from prison.

**{¶4}** More than four years later, Smith filed a motion to withdraw his June 2020 guilty pleas. The trial court denied that motion. Smith also filed a motion to have a transcript of his plea-and-sentencing hearing prepared at the state's expense, which the trial judge also denied. Smith now appeals.

**The Trial Court Did Not Abuse its Discretion in Denying Smith's Motion for a Free Transcript**

**{¶5}** In his first assignment of error, Smith argues that the trial court abused its discretion when it denied his request for a free transcript of his plea-and-sentencing hearing.

**{¶6}** "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). *See also* App.R. 9(B). "A trial court's decision denying a post-trial motion is generally reviewed for an abuse of discretion." *State v. Lawless*, 2024-Ohio-42, ¶ 17 (5th Dist.). An abuse of discretion exists when "the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment." *State v. Thompson*, 2015-Ohio-92, ¶ 18 (5th Dist.), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶7}** The trial court did not err when it denied Smith's motion for a transcript at public expense. Smith seeks that transcript now after having failed to pursue a timely appeal in 2020 soon after his sentence was imposed. Had he filed a notice of appeal then, he would, as an indigent prisoner, certainly have been entitled to have the transcript provided at government expense. *See State ex rel. Call v. Zimmers*, 85 Ohio St.3d 367, 368 (1999) ("one copy of a transcript . . . [must] be provided to an indigent criminal

defendant"). The trial court here was not, however, required to provide Smith with a transcript of his June 2020 plea-and-sentencing hearing before ruling on Smith's October 2024 motion to withdraw.

{¶8} The time for Smith to request the transcript of his plea-and-sentencing hearing was in 2020, and his years-later request was not one that the trial court had any obligation to grant. *See State v. Jones*, 71 Ohio St.3d 293, 297 (1994) ("A criminal defendant must suffer the consequences of nonproduction of an appellate record where such nonproduction is caused by his or her own actions"). *See also State v. Yun*, 2002-Ohio-4535, ¶ 10 (5th Dist.) ("appellant's undue delay between the trial court's entering his conviction and sentence, and his filing of the Motion to Withdraw Pleas of Nolo Contendre caused the unavailability of the transcripts. Accordingly, we find appellant must suffer the consequences of his actions"). Smith's first assignment of error is overruled.

**Smith Incorrectly Claims that the Imposition of Consecutive Sentences Was Required on the Two Rape Counts, and His Misreading of the Law on that Issue Was the Centerpiece of His Motion to Withdraw**

{¶9} In his second assignment of error, Smith argues that his guilty plea was not knowing, intelligent, or voluntary because, in his view, the trial judge misinformed him about the sentence that he faced. Smith misreads Ohio law on this issue.

{¶10} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). *See also* Crim.R. 11(C)(2). "[W]hen consecutive sentences are mandatory as opposed to discretionary,

the trial court must advise the defendant of that fact in order to achieve substantial compliance with Crim.R. 11(C)(2)." *State v. Millhoan*, 2011-Ohio-4741, ¶ 35 (6th Dist.).

{¶11} Smith argues here – as he did in his motion to withdraw – that he faced the mandatory imposition of consecutive sentences on the two rape charges, and he says that he ought to have been informed about that fact during his plea-change hearing. He is wrong on the law.

{¶12} Smith claims that R.C. 2971.03(E) dictated his sentences on the rape charges. It did not. That statutory provision, by its own terms, applies only when a criminal defendant faces a prison term "pursuant to division (A)" of R.C. 2971.03. Smith did not in fact face a prison term under R.C. 2971.03(A) because that provision in turn applies only when a defendant is to be sentenced for a criminal charge to which an R.C. 2941.148 "sexually violent predator specification" has been appended. Smith did not, at his plea change, plead guilty to that kind of specification. He therefore was not subject to any of the provisions in R.C. 2971.03(A) or 2971.03(E).

{¶13} Instead, Smith's rape sentences were imposed in accordance with R.C. 2971.03(B)(1)(c). That provision was the relevant one because Smith's two R.C. 2907.02(A)(1)(b) rape charges alleged that he had on two occasions engaged in sexual conduct with a person who was under age 13, and both charges alleged, too, that Smith had purposely compelled his victim to submit by force or threat of force. Smith pled guilty to those charges, and he was then, on each of the two rape charges, sentenced – consistent with R.C. 2971.03(B)(1)(c) – to an indefinite prison term with a minimum length of 25 years and a maximum length of life in prison.

**{¶14}** The plea agreement rightly noted that those prison terms were mandatory prison terms (as R.C. 2929.13(F)(2) indicates), and that agreement also correctly indicated that consecutive sentences were not mandated by any provision of Ohio law.

**{¶15}** The consecutive sentences that Smith did in fact receive were imposed not – as he claims – in accordance with R.C. 2971.03(E) but rather under R.C. 2929.14(C)(4). Under that latter provision, of course, a trial court may impose consecutive sentences if the trial judge finds, among other things, that consecutive sentences are "necessary to protect the public from future crime or to punish the offender" and that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger" that he or she poses to the public. The sentencing entry in Smith's case indicates that the trial judge did in fact make those findings as well as the finding that – in the words of R.C. 2929.14(C)(4)(c) – Smith's "history of criminal conduct" demonstrated that consecutive sentences on the rape counts were "necessary to protect the public from future crime" by Smith.

**{¶16}** The written plea agreement – which Smith, his lawyer, and the prosecutor all signed on the date of the plea change in June 2020 – accurately reflects all of the criminal charges and the potential penalties that were part of the plea change. Notably, that agreement indicated, too, that the State was recommending that the trial judge impose consecutive sentences on the two rape counts. Smith's handwritten initials and those of his lawyer appear on the written plea agreement next to those words.

**{¶17}** As soon as the plea change was finished, the trial judge proceeded to impose the very sentence that the State had recommended. That sentence was a

permissible one under Ohio law, and the trial court's sentencing entry accurately reflects the sentence that was imposed.

{¶18} In short, Smith – by inaccurately citing the sentencing provisions that applied in his case – has tried to manufacture years after his plea change a claim of error where none exists. Nothing in the plea-change agreement or in the trial judge's sentencing entry leads us to think that Smith was misinformed at the plea change about the potential penalties that he faced. The only error here is one that Smith has invented by citing sentencing provisions – R.C. 2971.03(A) and 2971.03(E) – that had nothing to do with his case. His inaccurate misdirection – whether intentional or mistaken – does not alter the fact that he appears to have been properly advised by the trial judge at the plea change and in the written plea agreement about the charges to which he was entering his guilty pleas and about the potential penalties that he faced on those charges. Smith's second assignment of error is overruled.

**Smith Was Not Denied the Effective Assistance of Counsel**

{¶19} In his fourth assignment of error, Smith claims that he received ineffective assistance of counsel because, according to Smith, his trial attorney did not fully inform him of the consequences of his guilty plea.

{¶20} Smith's argument on this point returns once more to his mistaken view that he necessarily faced consecutive sentences on the two rape charges. He is wrong about that, and so he is of course likewise wrong in claiming that his lawyer should have told him that he necessarily faced consecutive sentences on those charges. Any such advice from the lawyer would in fact have been wrong. Smith's ineffective-assistance claim is a non-starter. His fourth assignment of error is overruled.

## Smith Has Provided No Evidence of a Manifest Injustice Tied to His Guilty Plea

{¶21} Next, we turn to Smith's third and fifth assignments of error. In those, he claims that the trial court ought to have granted his post-sentencing plea-withdrawal motion, and he focuses on what he alleges was a failure on the part of the trial judge to inform him at the plea-change hearing about the sex-offender-registration obligation that he faced as a result of the plea change.

{¶22} This case is of course before us on Smith's appeal from the trial court's denial of a plea-withdrawal motion that Smith filed more than four years after he was sentenced. We review a trial court's denial of a post-sentencing plea-withdrawal motion for an abuse of discretion. *Thompson*, 2015-Ohio-92, at ¶ 18 (5th Dist.). And such a motion should – in the words of Criminal Rule 32.1 – be granted by a trial court "to correct manifest injustice."

{¶23} We see no evidence from Smith of a manifest injustice, and nothing in the record before us points to an abuse of discretion on the part of the trial court.

{¶24} To be sure, the record as it has been presented to us does not affirmatively show that the trial judge at the plea-change hearing informed Smith that he would be required to register as a sex offender if parole were granted to him on his life-sentence rape charges. As discussed above, though, Smith has not provided to us a transcript of the plea-change hearing, and – as the party alleging error – he bears the burden of establishing that an error has occurred. *See State v. Wilson*, 2018-Ohio-396, ¶ 23 (5th Dist.) ("Appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary to support the appellant's assignments of error").

**{¶25}** In the absence of a transcript of the plea-change hearing, we presume that the trial judge did in fact advise Smith at the June 2020 plea change that Smith would be required to register as a sex offender if he were ever released from prison. *See State v. Sinclair*, 2020-Ohio-4860, ¶ 47 (5th Dist.) ("If a partial record does not conclusively support the trial court's decision, it is presumed that the omitted portion provides the necessary support").

**{¶26}** The record that we do have from the plea-change hearing five years ago provides some support for the trial court's view that no manifest injustice occurred at the plea-change hearing in connection with any discussion about Smith's sex-offender-registration obligations. The trial court's judgment entry memorializing the plea change indicates that Smith "was advised of all constitutional rights and made a knowing, intelligent, and voluntary waiver of those rights[.]" Below those words, the entry notes that at least one of the offenses to which the guilty pleas were entered was in fact a "sexually oriented offense." And in its sentencing entry from that same day, the trial court stated that it had found Smith to be a "Tier III Sex Offender" and had notified him "in open court of his duties to register and report."

**{¶27}** Without something more from Smith, we cannot say that the trial court abused its discretion when it concluded that nothing so amiss occurred at the plea-change hearing as to create a manifest injustice. We presume that the trial court did address the sex-offender-registration issue at that hearing, and we overrule Smith's third and fifth assignments of error.

## Smith's Arguments Are Barred by Claim Preclusion

{¶28} Smith's arguments are, in any event, barred by the doctrine of claim preclusion. "[Claim preclusion] generally bars a defendant from raising claims in a Crim.R. 32.1 postsentencing motion to withdraw a guilty plea that he raised or *could have raised on direct appeal*." (Emphasis added.) *State v. Straley*, 2019-Ohio-5206, ¶ 23. "'Similarly, the doctrine of [claim preclusion] bars Appellant from raising issues of ineffective assistance of counsel that could have been addressed in a motion for postconviction relief.'" *State v. Bradford*, 2024-Ohio-428, ¶ 24 (5th Dist.), quoting *State v. Walters*, 2013-Ohio-695, ¶ 13 (4th Dist.).

{¶29} Though Smith did not file a timely direct appeal from his original convictions and sentence, all of the issues that he raises here could have been raised in a timely direct appeal. He is, accordingly, precluded from pursuing those claims now.

{¶30} For the reasons explained above, the judgment of the trial court is affirmed.

By: Gormley, J.

King, P.J. and

Montgomery, J. concur.